UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MICHAEL P. CHURCH, | Civil No. 05-678 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

---

John E. Graves, PETERSON SAGE GRAVES & STOCKMAN, 306 West Superior Street, Suite 1505, Duluth, MN 55802, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

This matter is before the Court on the objection of the Commissioner of Social Security ("Commissioner") to the August 9, 2006 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron.

Plaintiff Michael P. Church suffers from degenerative disc disease of the lumbar spine. Church claims that he is disabled, and he has applied for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. After the Social Security Administration denied his application, Church requested a hearing. That hearing was held before Administrative Law Judge William S. Herbert on July 15, 2003. Following the hearing, Judge Herbert decided that Church was not entitled to benefits after June 1, 2003, because Church's impairment was not so

severe that it rendered him "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A).  In other words, Judge Herbert found that Church was capable of holding down a job.  Specifically, Judge Herbert found that Church was capable of "perform[ing] a significant range of sedentary work" because he was able to sit for six hours out of an eight-hour day, as long as he had the opportunity to change positions, stand, or walk around every 30 minutes.

The Commissioner adopted this finding.  After exhausting his administrative remedies, Church appealed to this Court, challenging Judge Herbert's decision that Church is capable of doing sedentary work.  The Commissioner and Church subsequently filed cross-motions for summary judgment.  Those motions were referred to Judge Mayeron.

In her R&R, Judge Mayeron recommended that the Commissioner's summary judgment motion be denied and that Church's summary judgment motion be granted in part.  Judge Mayeron concluded that Judge Herbert's finding that Church is able to sit for six hours out of an eight-hour day — the finding on which Judge Herbert premised his decision that Church can do sedentary work — was not supported by substantial evidence on the record as a whole.  Judge Mayeron recommends vacating Judge Herbert's decision and remanding the case to the Commissioner for more complete findings of fact.  This Court has reviewed Judge Mayeron's decision de novo, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

The Commissioner argues that Judge Mayeron failed to give appropriate deference to the findings and conclusions of Judge Herbert.  Def.'s Obj. 1 (citing *Randolph v. Barnhart*, 386 F.3d 835, 839 (8th Cir. 2004)).  The Court disagrees.  The record before Judge Herbert contained only four items of evidence regarding the number of hours that Church can sit on a given day:

The first item of evidence was an October 31, 2001 "Report of Work Ability" written by a Dr. Quenemoen.  This was a cursory, "check-a-box" type report that indicated — without elaboration — that Church could take a job that required him to sit for five to eight hours a day.  Tr. 458.

The second item of evidence was a thorough Functional Capacity Evaluation ("FCE") that had been performed over two days — June 5 and 6, 2003 — by physical therapist Jeff Kittelson.  Kittelson determined that Church could sit for no more than two hours of an eight-hour work day.  Tr. 323-25.  That report was signed by Dr. Matthew J. Eckman, Church's treating physician.  Dr. Eckman also wrote a "Report of Work Ability" on June 10, 2003.  In it, Dr. Eckman reported that Church could return to work consistent with the restrictions described in the FCE — i.e., that Church could not sit more than two hours per day.  Tr. 447.  Dr. Eckman supplemented that report on July 8, 2003, stating that Church had injured his back and would not be allowed to work until he was reevaluated.  Tr. 508.

The third item of evidence was the testimony of Church himself.  Church described his condition and his inability to sit for anything like six hours per eight-hour workday.  In fact, one hour into the hearing, Judge Herbert asked Church, "How are you doing now?," and Church responded, "I'm in pain."  Tr. 61.

The final item of evidence was the testimony of Dr. Andrew M. Steiner, the Medical Expert.  Dr. Steiner did not examine Church, but instead based his opinion on the evidence described above — in particular, on the FCE.  Dr. Steiner testified that "I don't think I'd limit sitting" for Church.  Tr. 69.  Dr. Steiner did not explain how he could base such a conclusion on an FCE that recommended no more than two hours per day of sitting.

As noted, Judge Herbert found that Church could sit for up to six hours per day.  An ALJ's findings must be affirmed when they are supported by "substantial evidence appearing on the record as a whole."  *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 2004).  This Court would not go as far as Judge Mayeron and assert that "there are no facts, much less medical opinion, to support a finding that plaintiff could sit for 6 hours out of an 8 hour day."  R&R at 14.  After all, the record did contain the 2001 Report of Work Ability and the testimony of Dr. Steiner.

This Court nevertheless agrees that the 2001 report and the testimony of Dr. Steiner do not amount to *substantial* evidence to support Judge Herbert's finding.  The 2001 report is of little value, given that it preceded the hearing by almost two years, and given that it provided no elaboration of or support for its conclusion.  By contrast, the 2003 FCE and report were based on a thorough examination of Church that took place about six weeks before the hearing.  Dr. Steiner's testimony was also of little value.  He did not examine Church, nor did he explain the contradiction between his opinion and the very FCE on which he relied.  Judge Herbert's finding that Church could sit for six hours during an eight-hour work day is simply not supported by anything like substantial evidence on the record as a whole.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court overrules Commissioner Barnhart's objections [Docket No. 29] and adopts Magistrate Judge Mayeron's Report and Recommendation [Docket No. 28].

Accordingly, IT IS HEREBY ORDERED THAT:

1. Church's Motion for Summary Judgment [Docket No. 22] is GRANTED in part as follows:

   a.  The decision of the Administrative Law Judge is VACATED, and

   b.  The case is REMANDED to the Commissioner for further proceedings consistent with the Report and Recommendation of Judge Mayeron [Docket No. 28] and this order.

2. Church's Motion for Summary Judgment [Docket No. 22] is DENIED in all other respects.

3. The Commissioner's Motion for Summary Judgment [Docket No. 25] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September  21,  2006                    s/Patrick J. Schiltz
                                                                             Patrick J. Schiltz
                                                                             United States District Judge